UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL CERRACHIO,** | Civil Action No. 22-113 (GC) (TJB) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **LYCAON,** *et al.* | |
| **Defendants.** | |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court *sua sponte* based on Plaintiff Michael Cerrachio's ("Plaintiff" or "Mr. Cerrachio") failure to prosecute this matter. For the reasons set forth below, the Court recommends that Mr. Cerrachio's claims be dismissed.

**I.      Background and Procedural History**

On January 10, 2022, Plaintiff initiated this action by way of a Complaint. Soon thereafter, the Complaint was amended on January 24, 2022, and January 26, 2022, respectively. (Docket Entry Nos. 1, 3-4). On August 19, 2022, parties were advised that a Scheduling Conference was set for October 6, 2022. (Docket Entry No. 13); (Text Minute Entry of 10/06/2022). Upon discussion with counsel during the Scheduling Conference, the Court stayed formal discovery, directing the parties to exchange discovery necessary to facilitate settlement. (Text Order of 10/06/2022; Docket Entry No. 15). Given the nature of Plaintiff's injuries, the Count anticipated that upon completion of treatment, Plaintiff's medical records and lien information would be produced. In the ensuing months, the parties continued to exchange discovery to facilitate settlement and engage in settlement discussions. (Docket Entry Nos. 16-26). Despite counsel's diligent efforts, discussions were thwarted by the lien holder's delay in providing crucial information.

On January 17, 2024, Plaintiff's Counsel notified that Plaintiff Michael Cerrachio had passed away and that Counsel was in the process of determining whether Plaintiff's estate representative intended to pursue this action on Plaintiff's behalf. (Pl.'s Counsel's E-mail of 01/17/2024, to the Chambers of the Hon. Tonianne J. Bongiovanni, U.S.M.J.) (on file with the Chambers of Hon. Tonianne J. Bongiovanni, U.S.M.J.).

On March 27, 2024, the Court directed Plaintiff's Counsel to submit a status update by April 5, 2024, regarding whether Plaintiff's Counsel had an opportunity to speak with Plaintiff's estate representative concerning the prosecution of this action. (Chambers of the Hon. Tonianne J. Bongiovanni, U.S.M.J.'s E-mail of 03/27/2024, to Pl.'s and Defs.' Counsel) (on file with the Chambers of Hon. Tonianne J. Bongiovanni, U.S.M.J.). Upon Plaintiff's Counsel's request, the foregoing deadline was extended to April 19, 2024. (*Id.*)

On April 15, 2024, Plaintiff's Counsel requested a 30-day extension to provide a further status update, notifying that he had spoken to Plaintiff's father several weeks prior, but no estate representative had been appointed at that time. (Pl.'s Counsel's E-mail of 04/15/2024, to the Chambers of the Hon. Tonianne J. Bongiovanni, U.S.M.J.) (on file with the Chambers of Hon. Tonianne J. Bongiovanni, U.S.M.J.). Plaintiff's Counsel further stated that he was awaiting confirmation that Plaintiff's estate would not be pursuing this matter. (*Id.*) The Court granted Plaintiff's Counsel's request for a 30-day extension of time to provide a further state update. (Chambers of the Hon. Tonianne J. Bongiovanni, U.S.M.J.'s E-mail of 04/15/2024, to Pl.'s and Defs.' Counsel) (on file with the Chambers of Hon. Tonianne J. Bongiovanni, U.S.M.J.).

On April 16, 2024, Plaintiff's Counsel mailed a letter to Plaintiff's father.[1] In his letter, Plaintiff's Counsel sought to confirm whether Plaintiff's father intended to form an estate to pursue this matter. (Pl.'s Counsel's Letter of 04/16/2024) (on file with the Chambers of Hon. Tonianne J. Bongiovanni, U.S.M.J.). Plaintiff's Counsel also advised Plaintiff's father that if no confirmation or communication stating otherwise was received within 30 days of the date of the letter, then Counsel would close his file and assume that there was no intention to further prosecute this matter. (*Id.*)

On May 17, 2024, Plaintiff's Counsel notified the Court that he had not heard from anyone regarding this matter, despite his efforts to communicate with Plaintiff's father. (Pl.'s Counsel's E-mail of 05/17/2024, to the Chambers of the Hon. Tonianne J. Bongiovanni, U.S.M.J.) (on file with the Chambers of Hon. Tonianne J. Bongiovanni, U.S.M.J.); (*See* Pl.'s Counsel's Letter of 04/16/2024).

On June 11, 2024, the Court issued and mailed its own Letter to Plaintiff's father, Michael Cerrachio, at the address provided by and utilized by Plaintiff's Counsel. (Letter of 06/11/2024; Docket Entry No. 27). The Court advised Mr. Cerrachio that: "if the legal representative of your son's estate wishes to continue this litigation, he/she should either contact your son's counsel (William D. Wright, Esq. and David T. Wright, Esq.), Defendants' counsel (Christopher G. Mavros, Esq.), this Court, or all of the foregoing." (*Id.* at 1.) The Court accordingly provided the address(es) and email address(es) for the Court and the foregoing attorneys. (*Id.* at 2.) The Court also instructed that, "If no word is received as to this matter **by July 11, 2024**, then this matter will likely be dismissed." (*Id.*) (emphasis in original).

---

[1] In light of the fact that Plaintiff's Counsel's letter was submitted informally to Chambers, the Court has not attached same hereto.

As of this date, the Court has neither heard from Plaintiff's father nor any other representative of Plaintiff's estate.

**II.   Analysis**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d, 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id*. No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of Plaintiff's claims with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:** Despite being afforded ample opportunity, as outlined above, Plaintiff's estate, including Plaintiff's father, has not responded to Plaintiff's Counsel's and the Court's Letters regarding whether the estate representative intends to prosecute this matter on Plaintiff's behalf. Such responsibility belongs to Plaintiff's estate alone. As such, the Court finds this factor weighs in favor of dismissal of Plaintiff's claims with prejudice.

2. **Prejudice to Defendants:** Defendants have been prejudiced by Plaintiff's estate's failure to prosecute this matter and respond to Counsel's and the Court's inquiries. By failing to communicate with Plaintiff's Counsel, Defense Counsel and/or the Court, Plaintiff's estate has abandoned its duty to prosecute this case and bring it to resolution. Accordingly, this case, which Plaintiff initiated, has remained stagnant for a prolonged period of time. Under these circumstances, Defendants cannot fairly defend this case. The Court finds that this prejudice supports the dismissal of Plaintiff's claims with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Extensive or repeated delay or delinquency constitutes a history of dilatoriness. *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863 (3d Cir. 1994). As noted above, Plaintiff's estate has failed to respond to numerous communications from Plaintiff's attorney and has also failed to respond to the Letter entered by this Court. Indeed, Plaintiff's counsel has made a continuous effort to contact Plaintiff's father to confirm and/or clarify whether Plaintiff's estate intended to pursue this matter. In addition, Plaintiff's counsel and the Court both advised Plaintiff's father that if no communication was received regarding this matter, then the action would likely be closed and dismissed. Despite such

warnings, Plaintiff's father has not responded to those communications. Based on the foregoing, the Court finds that this factor supports the dismissal of this matter with prejudice.

4. **Willfulness or Bad Faith:** While the Court does not find that Plaintiff's estate has acted in bad faith, its failure to prosecute or notify of its intent to prosecute this matter establishes willful conduct. As mentioned, Plaintiff's estate, including Plaintiff's father, has had ample opportunity to notify the Court or Counsel regarding its intention to prosecute this matter and has had clear forewarnings of the potential for dismissal. As a result, this factor further supports the dismissal of Plaintiff's claims with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that in light of Plaintiff's estate's unresponsiveness, there is no effective alternative sanction. Plaintiff's claims cannot proceed without participation of Plaintiff's estate, and as explained above, it has failed to participate for many months. Under these circumstances, the Court finds that no lesser sanction than dismissal of Plaintiff's claims with prejudice would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the proceedings to date, the Court finds that there may be merit to Plaintiff's claims. A claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense. *Poulis*, 747 F.2d at 869-70. As such, this factor is neutral.

In consideration of the *Poulis* factors, the Court finds that, on balance, they support the dismissal of Plaintiff's claims with prejudice. Plaintiff voluntarily filed this case. However,

despite ample opportunity, Plaintiff's estate has failed to take the steps necessary to move this case forward and allow it to come to a resolution. Despite being given ample time and opportunity to litigate Plaintiff's claims, Plaintiff's estate has elected not to respond to Plaintiff's attorney's communications or the Court's Letter. As a result, this Court respectfully recommends that Plaintiff's claims be dismissed with prejudice.

## Conclusion

The Court having given consideration to the *Poulis* factors;

IT IS on this 22nd day of August, 2024

RECOMMENDED that Plaintiff's claims be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party, including Plaintiff's estate, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file specific written objections; and it is further

ORDERED that the Clerk of the Court send Plaintiff's father a copy of this Report and Recommendation by both Regular Mail and Certified Mail, Return Receipt Requested at the following address:

> Mr. Michael Cerrachio
> 67 Vincent Court
> Little Egg Harbor, NJ 08087

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**